**UNITED STATES**

v.

**Martice R. ENGLISH, 326 62 2259, Private First Class (E–2), U.S. Marine Corps.**

**No. NMCM 94 01776.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 18 May 1993.

Decided 19 April 1996.

LT Kathryn L. Clune, JAGC, USNR, Appellate Defense Counsel.

LT Jonathan W. Haray, JAGC, USNR, Appellate Government Counsel.

Before McLAUGHLIN, KEATING, Senior Judges, and LUCAS, J.

LUCAS, Judge:

Contrary to his pleas, the appellant was convicted by special court-martial, military judge alone, of attempted malingering, fail-

ure to go to his appointed place of duty, and malingering, in violation of Articles 80, 86, and 115, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 886, and 915 respectively.

We have examined the record of trial, the assignments of error,[1] and the Government's response thereto. We have also considered the excellent oral arguments by both parties. We do not comment on Assignments of Error II or III other than to indicate that we find them to have no merit.

Assignment of Error I raises an important issue. By way of factual background, the appellant was a self-referral to the mental health professionals at a naval hospital after complaining of depression and thoughts of suicide. He was examined and evaluated by a navy psychiatrist over a series of several visits. During part of that same time period, the appellant, as a member of a counselling group, was also examined and evaluated by a navy clinical psychologist. At no time during these sessions were any charges pending against the appellant. Both doctors independently determined that the appellant was either feigning or exaggerating his reported symptoms. Their conclusions reached the appellant's command and he was subsequently charged with malingering.

At trial, the appellant made a timely motion for a complete mental examination pursuant to Rule for Courts–Martial [R.C.M.] 706, Manual for Courts–Martial, United States, 1984 (1995 ed.) [MCM], to determine the appellant's mental responsibility and capacity to stand trial. In accordance with R.C.M. 706, the appellant's counsel proffered facts to support the motion, indicated that he believed such an examination was necessary, and argued that there was a reasonable basis for the request.

The Government opposed the request, contending that the appellant already had two adequate substitutes for the requested R.C.M. 706 examination as a result of the examinations and evaluations by the navy psychiatrist and clinical psychologist.

Both of those doctors testified as Government witnesses on the motion. Both indicated that they were familiar with the requirements of R.C.M. 706 examinations, the procedures to be followed for those examinations, and the R.C.M. 706(c)(2) questions to be answered regarding mental responsibility and capacity to stand trial.

Both doctors further indicated that their self-referral examinations of the appellant complied with virtually all the examination requirements that would be imposed on them under R.C.M. 706. They stated that in their independent opinions he was mentally responsible and had the capacity to stand trial. The doctors also indicated that if they were directed to conduct an R.C.M. 706 examination of the appellant, neither would feel the need to interview him further nor would they change their opinion regarding the appellant's mental responsibility and capacity to stand trial.

Against that backdrop, the trial judge declined to order an R.C.M. 706 board, concluding that there were already two adequate substitutes.

A second trial judge was subsequently detailed. Just prior to the introduction of evidence on the merits, it became apparent that the Government planned to call both doctors to testify regarding the malingering charge and the statements made to them by the appellant during their examination and evaluation sessions.

1. I. APPELLANT WAS DENIED DUE PROCESS WHEN HE WAS EFFECTIVELY DENIED A SANITY BOARD PURSUANT TO R.C.M. 706 OR, IN THE ALTERNATIVE, IF THE "SUBSTITUTION OF 706 DOCTORS" WAS LAWFUL, THEN HE WAS DENIED THE PRIVILEGES AFFORDED UNDER R.C.M. 706 AND M.R.E. 302.
II. THE TRIAL COUNSEL COMMITTED PROSECUTORIAL MISCONDUCT WHEN HE EXCEEDED THE PARAMETERS SET FORTH BY THE FIRST MILITARY JUDGE REGARD-

ING CONTACT WITH THE "SUBSTITUTE 706 DOCTORS" AND FOR MISLEADING THE COURT ABOUT HIS KNOWLEDGE OF PRIVILEGED INFORMATION.
III. THE SECOND MILITARY JUDGE VIOLATED THE LAW OF THE CASE WHEN HE IGNORED THE FIRST JUDGE'S RULING THAT LT HAMMER AND LT ROGERS CONDUCTED THE EQUIVALENT OF AN R.C.M. 706 BOARD AND THAT ALL APPROPRIATE PRIVILEGES WERE ATTACHED THERETO.

Trial defense counsel objected, arguing that because the first judge ruled that both of the doctors' evaluations were R.C.M. 706 substitutes, that judge must have intended that the confidentiality privilege (within Military Rule of Evidence [Mil. R. Evid.] 302, which applies to R.C.M. 706 examinations) must therefore apply retroactively to those examination and evaluation sessions. Defense counsel argued that statements made by the appellant to the two doctors were therefore inadmissible.

The judge disagreed and ruled that Mil. R. Evid. 302 could not be applied retroactively in the appellant's case. Both doctors were then permitted to testify not only about mental responsibility, but also about statements made by the appellant to them.

We initially must determine whether the first trial judge erred in denying the defense motion for an R.C.M. 706 examination. We must determine the standard for ruling on such a request; whether an accused has an absolute right to such an examination or; whether discretion is given a trial judge.

Rule for Courts–Martial 706(a) states "If it appears to any commander ... investigating officer, trial counsel, defense counsel, military judge, or member that there is reason to believe that the accused lacked mental responsibility for any offense charged or lacks capacity to stand trial, that fact and the basis of the belief or observation shall be transmitted ... to the officer authorized to order an inquiry into the mental condition of the accused." (emphasis added).

After referral of charges, as in the appellant's case, the trial judge is the officer authorized to order such an inquiry. R.C.M. 706(b)(2). That rule indicates that the judge may order the examination. The use of the word may, and the requirement that the basis of the request be stated, implies that some discretion is given to the trial judge. However, there is no Discussion section following R.C.M. 706(b)(2), and the R.C.M. 706 analysis found in Appendix 21, MCM, offers no insight as to how much discretion, if any, is given to a trial judge when such a request is made. R.C.M. 916(k)(3)(B) indicates that the trial judge shall rule finally on whether an R.C.M. 706 inquiry shall be conducted.

■ In *United States v. Nix,* 15 C.M.A. 578, 36 C.M.R. 76, 1965 WL 4788 (1965), our superior Court examined Paragraph 121 of the 1951 MCM, the ancestor to R.C.M. 706, and concluded that, notwithstanding apparent significant language differences, Paragraph 121 was in substantial accord with 18 U.S.C. § 4244, the then federal rule for ordering mental examinations of an accused. The *Nix* Court cited with approval the case of *Wear v. United States,* 218 F.2d 24 (D.C.Cir.1954), which had interpreted 18 U.S.C. § 4244, and held that a motion for a mental examination must be granted if it is not frivolous and is made in good faith. We find no case overruling or weakening the *Nix* rule. Given that the essential purpose of R.C.M. 706 is to detect those individuals who may lack mental responsibility or the capacity to stand trial, we conclude that the *Nix* rule is still viable and we will apply it to the appellant's case.

■ We have no reason to conclude that the motion for a mental examination was made in bad faith. However, given the defense counsel's proffer regarding reasons for the request and the testimony of the two doctors on the motion, we conclude that no justifying basis existed for granting the motion. The ruling by the trial judge in denying the motion was, therefore, proper.

■ Even if we assume that an R.C.M. 706 mental examination was required, we conclude, as the trial judge did, that two adequate R.C.M. 706 substitutes had already been conducted. As we noted above, the essential purpose of R.C.M. 706 is to detect those accused who lack mental responsibility or capacity to stand trial. A psychiatrist and a clinical psychologist examined and evaluated the appellant only because he asked for their medical assistance. No charges were then pending against the appellant. They both indicated they essentially followed the same procedures in evaluating the appellant as they would have used had they been conducting formally ordered R.C.M. 706 examinations. The two doctors independently concluded that the appellant was mentally responsible and had the capacity to stand trial. The doctors, then, fulfilled

the essential purpose of R.C.M. 706 and the initial trial judge was correct in her ruling. *See United States v. Jancarek,* 22 M.J. 600 (A.C.M.R.1986), *petition denied,* 24 M.J. 42 (C.M.A.1987).

██ Finally, we turn to the issue of whether Mil. R. Evid. 302 applied retroactively to the examinations conducted by the two doctors because those examinations were deemed by the trial judge to be adequate substitutes for a R.C.M. 706 examination. The answer lies again with the essential purpose of R.C.M. 706, which is to detect those individuals who may lack mental responsibility or capacity. The purpose of R.C.M. 706 is not to provide a privileged communication forum for an accused. Mil. R. Evid. 302 does not exist independently, but instead is a rule created solely to accommodate the purpose of R.C.M. 706. By its express language, the rule applies only to examinations ordered under R.C.M. 706. See Mil. R. Evid. 302(a). No such examination was ordered, therefore, the privilege rule was not activated. There is no authority for applying Mil. R. Evid 302 retroactively to an examination deemed to be an adequate substitute for an R.C.M. 706 examination, and we decline to do so in this case. Again, the ruling by the trial judge was correct.

Assignment of Error I is therefore also without merit.

Accordingly, the findings and sentence as approved below are affirmed.

McLAUGHLIN and KEATING, Senior Judges, concur.